# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1808

_____

Rembrandt Enterprises, Inc.

*Plaintiff - Appellee*

v.

Dahmes Stainless, Inc.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: November 13, 2018
Filed: February 15, 2019
[Unpublished]

_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Rembrandt Enterprises and Dahmes Stainless entered into a multi-million dollar agreement involving Dahmes' design, manufacture, and installation of an industrial egg product dryer at one of Rembrandt's sites. Within months of entering into the contract, Rembrandt stopped making progress payments to Dahmes. Thereafter, Dahmes provided notice to Rembrandt that it considered Rembrandt to have

terminated the agreement without cause. In the resulting contract dispute between the parties, the district court,[1] applying Minnesota law, rejected Rembrandt's defense of frustration of purpose for its failure to perform its obligations under the Agreement. The court then calculated damages, including Rembrandt's restitution claim, among other matters, and concluded that despite Rembrandt's breach, Dahmes owed Rembrandt $2,795,919.45. Dahmes appeals the district court's award to Rembrandt and seeks recovery of $724,448.55. Citing legal errors, Dahmes challenges the district court's denial of its lost-profits damages; alternatively claims that at the very least there were reversible factual errors; and finally argues that the court's award of restitution to Rembrandt compounded the inequity that resulted in this case. Dahmes additionally seeks an award of costs as the prevailing party.

"After a bench trial, this court reviews legal conclusions de novo and factual findings for clear error." Urban Hotel Dev. Co. v. President Dev. Grp., L.C., 535 F.3d 874, 879 (8th Cir. 2008). Dahmes erroneously maintains that the district court ruled out lost profits as a matter of law because it applied too exacting a standard (i.e., "mathematical precision"), which Dahmes claims fails under a de novo standard of review. Our review reveals, however, that the district court applied the proper legal standard, recognizing that the lost-profits determination is a calculation proven with reasonable, not absolute, certainty. Olson v. Rugloski, 277 N.W.2d 385, 388 (Minn. 1979).

On the factual issue, Dahmes does not so much refute the particular evidence relied upon by the district court in arriving at its determinations, but rather points to additional evidence that Dahmes claims should have been more persuasive to the district court and weighed more heavily in favor of Dahmes' claim for lost profits. "Under the clearly erroneous standard, we will overturn a factual finding only if it is

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error was made." Kingman v. Dillard's, Inc., 721 F.3d 613, 616 (8th Cir. 2013) (quoting Roemmich v. Eagle Eye Dev., LLC, 526 F.3d 343, 353 (8th Cir. 2008)). Having reviewed the trial evidence, the record as a whole, briefing on appeal, and the district court's orders, all under the exacting[2] lens afforded by our standard of review, we affirm the judgment of the district court for the reasons explained in its thorough opinion, including its resolutions regarding restitution and the discretionary award of costs. See 8th Cir. R. 47B.

---

[2]"To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." Kaplan v. Mayo Clinic, 847 F.3d 988, 992 (8th Cir.) (alteration in original) (quoting In re Nevel Props. Corp., 765 F.3d 846, 850 (8th Cir. 2014)), cert. denied, 138 S. Ct. 203 (2017).